# CIRCUIT COURT OF THE CITY OF BRISTOL

Media General, Inc.

v.

City of Bristol et al.

October 27, 2006

Case No. CH05B-6971

BY JUDGE J. ROBERT STUMP

This is a F.O.I.A. petition for mandamus filed by Media General, Inc. (*Bristol Herald Courier*) against the City of Bristol, and the Commonwealth's Attorney's Office. The court dismissed the Commonwealth's Attorney's Office as an unnecessary party defendant, since they did not have control of the 911 tape at issue.

After an evidentiary hearing, the court ordered the City of Bristol to release to Media General pursuant to F.O.I.A. statutes a 911 tape, wherein a mother confessed to choking and drowning her six-year-old son.

In its final oral ruling from the bench, the court gave the City a choice to amicably produce the 911 tape to petitioner and avoid possible attorney's fees and costs. But the City refused to produce the 911 tape and appealed to the Virginia Supreme Court. The court order took under advisement petitioner's request for attorney's fees and costs. The Virginia Supreme Court denied the City's premature appeal on the ground that it was not a final order until the issue of attorney's fees and costs was decided by this court.

The issue now before the court is whether or not to award reasonable attorney's fees and costs to petitioner, the prevailing party, pursuant to Virginia Code § 2.2-3713(D). The court has carefully reviewed the evidence,

briefs, and affidavit of counsel and makes the following findings of fact and conclusions of law.

The City óf Bristol denied petitioner's original written request for the 911 tape after consulting with the Bristol Assistant Commonwealth's Attorney, who briefly researched the issue in the law library. The City of Bristol did not seek advice of its own attorney. The City did not rely "on an opinion of the [Virginia] Attorney General or a decision of court that substantially supports the public body's position." Va. Code § 2.2-2713(D).

The court adopted petitioner's proposed Findings of Fact and Conclusions of Law as the basis for the issuance of the Writ of Mandamus.

The petitioner, Media General, "substantially prevailed on the merits of the case," and "shall be entitled to recover reasonable costs and attorney's fees from the public body." Furthermore, there are not "special circumstances which make an award unjust." Va. Code § 2.2-3713(D).

The City's reliance on the local commonwealth's attorney's office advice is commendable at best, but it does not rise to the higher statutory standards to obtain guidance and opinion from the commonwealth's chief legal counsel, the Virginia Attorney General, nor a decision of a court.

The F.O.I.A. statutes were enacted to compel public bodies to provide full public disclosure. The local commonwealth's attorney does not have the same legal requirement here to produce public records. The ultimate reasoning and advice of the commonwealth's attorney was not to disclose the 911 tape because this might possibly taint a fair jury pool at the criminal trial against the mother. The court found this not to be sufficient cause to deny the public disclosure of the 911 tape by the City pursuant to F.O.I.A. statutes.

However, the court in its judicial discretion has reduced by 25% the petitioner's requested legal fees due to the fact that the City unwittingly relied on its local commonwealth's attorney's advice. Therefore, the court awards petitioner reasonable fees to be paid by the City of Bristol in the sum of $29,647.85 and costs of $2,856.60, a total of $32,504.45.